# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

|  |  |
|---|---|
| ANDRANIK PASHAYAN, et al., <br><br> Plaintiff, <br> v. <br><br> NISSAN NORTH AMERICA, INC., et al., <br><br> Defendants. | No. 2:26-cv-00343-BFM <br><br> ORDER DENYING MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand. (ECF 8.) For the reasons below, the Motion is **denied**.

## I.    Background

This action arises out of Plaintiff's lease of a 2024 Nissan Ariya vehicle which was manufactured or distributed by Defendant Nissan North America, Inc. (ECF 1-1 (Compl.) ¶ 11.) On December 4, 2025, Plaintiff filed a complaint in Los Angeles County Superior Court, alleging a cause of action under the Song-Beverly Consumer Warranty Act, California Civil Code Section § 1791 *et seq.*, among other claims. (Compl. ¶¶ 10-57.)

On January 13, 2026, Defendant Nissan North America, Inc. removed the matter to this Court, citing diversity of citizenship as the basis for federal jurisdiction. (ECF 1 at 2-5.) Plaintiff moved to remand this action, arguing that Defendant's removal was untimely. (ECF 8 (Mot.); ECF 10 (Reply).) Defendant opposed the Motion, contending that the removal deadline was not triggered because the face of the Complaint did not reflect Plaintiff's citizenship or the amount in controversy. (ECF 9 (Opp.).) The Court heard argument on the Motion and the matter is now ready for decision.

## II.    Legal Standard

In general, "defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Id.*

Federal courts have jurisdiction over two categories of cases: cases that arise under federal law, 28 U.S.C. § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332(a). The two bases for jurisdiction serve distinct purposes: "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019)

The procedure for removing a case to federal court is set out in 28 U.S.C. § 1446. Under § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt of "an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). In other words, Section 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). The first thirty-day removal period is triggered "'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). The second thirty-day removal period is triggered "if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted).

Removability under § 1446(b) "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. A "defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). At the same time, "neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own." *Id.*

Apart from those two thirty-day removal deadlines under § 1446(b), a defendant may remove a case "when it discovers, based on its own investigation, that a case is removable," so long as it does so within a year of the commencement of the action. *Roth*, 720 F.3d at 1123 (noting that "the two periods specified in § 1446(b)(1) and (b)(3) operate as limitations on the right to removal rather than as authorizations to remove"); *Iniquez v. Ford Motor Co.*, No. 2:25-cv-00055-SK. 2025 WL 1042712, at *2 (C.D. Cal. Mar. 21, 2025) (citing 28 U.S.C. § 1446(c)(1)). This third scenario "presupposes that the defendant has

not 'run afoul' of either 30-day deadline but has still discovered the basis for removal within one year from the start of the case." *Id.* (citing *Roth*, 720 F.3d at 1125).

If a notice of removal is untimely under these rules, a plaintiff may move to remand the case back to state court. *Carvalho*, 629 F.3d at 885.

### III.  Discussion

Plaintiff argues that Defendant's removal was untimely because it had all the information it needed to remove the case within the 30-day window after the Complaint was filed in the Superior Court. (Mot. at 7-12.) The Court disagrees.

### A.  Defendant's Removal Was Timely Given Plaintiff's Indeterminate Complaint

Here, Plaintiff contends that Defendant could ascertain that the diversity jurisdiction threshold of $75,000 was met by looking at the Complaint. He therefore argues that Defendant should have removed the case within the first 30-day window after filing. (Mot. at 7-12.)

The Complaint does not allege a specific dollar-amount loss. Nor does it allege facts from which damages could be calculated. Actual damages under the Song-Beverly Act are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1)-(2). To calculate the amount attributable to the use of the buyer, California law provides a "use offset" formula, which uses the mileage attributable to the buyer and the price of the vehicle to calculate the value of the use the buyer got from the car before discovering the problems. Cal. Civ. Code § 1793.2(d)(2)(C). The Ninth Circuit has sanctioned including a use-offset deduction when estimating the amount in controversy because any estimate of amount in controversy "must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3

4

(9th Cir. 2018) (internal quotation marks and citation omitted); *see also Manukyan v. Mercedez-Benz USA, LLC*, 2:24-cv-9816-MCS-PD, 2024 WL 5440725, at \*2 (C.D. Cal. Dec. 10, 2024) (applying *Schneider* outside the CAFA context).

The Complaint here contains none of the information required to perform the above calculations. It includes the make and model of the car that is the subject of the claims, but does not include the purchase price, payment information, or mileage. (*See* Compl.) Courts have routinely rejected the argument that a complaint provides a basis for removal where it lacks such information. *See Gutierrez v. Gen. Motors LLC*, *et al.*, No. 2:25-CV-08237-JC, 2025 WL 3012277, at \*4-5 (C.D. Cal. Oct. 27, 2025) (lack of specific dollar value of claims insufficient to trigger removal deadline); *Enciso v. Gen. Motors LLC, et al.*, No. 2:25-CV-07530-WLH-MBK, 2025 WL 2976611, at \*3 (C.D. Cal. Oct. 22, 2025) ("Plaintiffs fail to provide *any* approximate value of the Subject Vehicle, including the reduction for the use of the vehicle . . . . The Court cannot speculate as to the *actual* amount in controversy of the Subject Vehicle with no other information, such as the actual purchase price and mileage."); *Torres v. Gen. Motors LLC*, No. 2:25-cv-06820-SPG-AGR, 2025 WL 2848989, \*3 (C.D. Cal. Oct. 7, 2025) ("[A]bsent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline."); *Pastrana v. Nissan N. Am., Inc.*, 8:24-cv-00515-FWS-ADS, 2024 WL 2817533, \*2 (C.D. Cal. Jun. 3, 2024) ("Without information sufficiently providing an amount in controversy, [such as the vehicle sale price, other specific measure of damages, or amount of attorneys' fees and costs,] the presence of diversity jurisdiction is not 'revealed affirmatively in the initial pleading' as necessary to trigger the first thirty-day removal period.").

Plaintiff argues that Defendant, as the manufacturer of the car, had all the information it needed to calculate the loss. (Mot. at 4-5; Reply at 3.) But Defendant's access to information is irrelevant. Under prevailing law, a defendant is only *required* to remove within the first 30 days where the four corners of the complaint establish federal jurisdiction. *Harris*, 425 F.3d at 694. Here, the Complaint itself does not allege a damages amount, nor does it supply within its four corners the information necessary to calculate those amounts. That Defendant may have been able to remove does not mean that it had to do so. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) ("[A] defendant *may* remove before it *must* do so."); *Gutierrez*, 2025 WL 3012277, at *5 (rejecting argument that defendant's "sophisticated knowledge of the motor vehicle industry" allowed it to ascertain the value of the claims for the purposes of removal).

Plaintiff's allegation of civil penalties does not help him either. It is true that the Song-Beverly Act provides remedies in addition to actual damages, including a civil penalty "not [to] exceed two times the amount of actual damages," and attorney fees. Cal. Civ. Code § 1794(a)-(d). But where the estimate of actual damages is uncertain on the face of a complaint, "any estimate of civil penalties is equally uncertain." *Covarrubias v. Ford Motor Co.*, No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025); *see also Fawcett v. Ford Motor Co.*, No. 5:23-CV-1443-SP, 2023 WL 6161030, at *2 (C.D. Cal. Sept. 21, 2023) (rejecting argument that the actual value of the vehicle "plus civil penalties equal to double that value would bring the AIC over $75,000" where "no dollar values were included in the complaint"); *Leigh v. FCA US LLC*, No. 8:21-cv-00316-JLS-KES, 2021 WL 4551864, at *3 (C.D. Cal. Oct. 5, 2021).

Plaintiff points to the Complaint's recitation that damages are "in a sum to be proven at trial but not less than $35,001.00." (Compl. ¶ 16.) He argues that $35,000 in actual damages, plus civil penalties and attorney's fees, necessarily

6

exceeds $75,000. (Reply at 2-3, 5.) This argument is off base: that allegation was designed to plead the case out of the state statute for "limited civil cases" in the state court, Cal. Code Civ. P. § 85(a), but the amount in controversy for purposes of the state statute includes all damages, not merely actual damages. *See id.* (noting that a case is treated as a limited civil case where the amount in controversy does not exceed $35,000, with amount in controversy being the "amount of the demand, or recovery sought . . . exclusive of attorneys' fees, interest, and costs"). That allegation, therefore, did not signal to Defendant that the amount in controversy for federal diversity purposes necessarily exceeded $75,000.

The allegations within the four corners of the Complaint simply do not provide enough information to trigger the $75,000 diversity jurisdiction threshold.[1] Defendant's 30-day statutory removal deadline under § 1446(b)(1) was therefore not triggered by Plaintiff's service of the Complaint. Plaintiff does not argue that he served any "other paper" that would trigger the second 30-day period described in 28 U.S.C. § 1446(b)(3), or that removal was sought more than a year after the Complaint's filing. The removal was therefore timely under 28 U.S.C. § 1446(c)(1).

---

[1] Relevant to diversity jurisdiction, Plaintiff also suggests that Plaintiff's citizenship was unambiguous from the face of the Complaint. (Mot. at 10-11.) The Court need not reach that issue, but in any event, Plaintiff is wrong. Diversity jurisdiction depends on citizenship. The Complaint, however, only alleged that Plaintiff was a "resident of California." (Compl. ¶ 2.) Residency alone, without evidence of "an intention to make a certain definite place one's permanent abode," does not equate to citizenship for the purposes of diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citation omitted); *see also Crisp-Stoot v. Wal-Mart Stores, Inc.*, No. CV 18-10694 PSG (PJWx), 2019 WL 1307735, at *3-4 (C.D. Cal. Mar. 22, 2019) (finding allegations of California residency insufficient to establish citizenship for removal based on diversity of citizenship). As such, Defendant could not reasonably ascertain the basis of removal from the Complaint's sole allegation that Plaintiff was a California "resident."

7

### B.     Diversity Jurisdiction

Plaintiff disputes the timeliness of the motion but does not otherwise dispute that the Court has diversity jurisdiction over the case. The Court concludes that the facts stated in the Notice of Removal are sufficient to state a basis for this Court's jurisdiction. (ECF 1 at 3-5.)

### IV.     Defendant's Request for Sanctions

In its Opposition, Defendant requests fees and costs under § 1927 for opposing Plaintiff's frivolous motion. (Opp. at 14-15.) That section provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. That request is **denied**; while the Court had previously rejected many of the arguments raised in the Motion, *Leal v. Gen. Motors LLC*, No. 2:25-CV-08545-BFM, 2025 WL 3124332 (C.D. Cal. Nov. 7, 2025), Plaintiff was entitled to attempt to persuade the Court that her previous analysis was wrong.

### V.     Conclusion and Order

For the reasons above, Plaintiff's Motion to Remand (ECF 8) is **denied**.

DATED: March 18, 2026     _____

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

8